IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| PACCAR FINANCIAL CORP. | § § § | |
| VS. | § § | CASE NO. |
| GALLAGHER BASSETT SERVICES, INC. | § § § | |

# DEFENDANT GALLAGHER BASSETT SERVICES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, GALLAGHER BASSETT SERVICES, INC., and files this its Original Answer in the above-styled and numbered cause of action, as follows:

### Discovery Control Plan Designation

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph I of Plaintiffs' Original Petition. However, as this case is removed to Federal Court, State discovery rules are not applicable.

### Parties

2. Defendant is without sufficient knowledge or information to admit or deny paragraph 2 of Plaintiff's Original Petition.

3. Defendant admits it is a foreign corporation authorized to conduct business in Texas. Defendant admits incorporation in Delaware. The remainder of this paragraph is denied.

### *Rule 47 Statements*

4.  Defendant is without sufficient information or knowledge to admit or deny paragraph 4 of Plaintiff's Original Petition, and therefore denies it.

### *Factual Background*

5.  Defendant is without sufficient information or knowledge to admit or deny paragraph 5 of Plaintiff's Original Petition, and therefore denies it.  Defendant denies the authenticity of Exhibit A to Plaintiff's Original Petition.

6.  Defendant is without sufficient information or knowledge to admit or deny paragraph 6 of Plaintiff's Original Petition, and therefore denies it.  Defendant denies the authenticity of Exhibit B to Plaintiff's Original Petition.

7.  Defendant is without sufficient information or knowledge to admit or deny paragraph 7 of Plaintiff's Original Petition, and therefore denies it.

8.  Defendant denies paragraph 8 of Plaintiff's Original Petition.

9.  Defendant denies paragraph 9 of Plaintiff's Original Petition.  Exhibit C reflects it was emailed to an email address that does not belong to Defendant or its employees.

10. Defendant denies paragraph 10 of Plaintiff's Original Petition.

11. Defendant denies paragraph 11 of Plaintiff's Original Petition.

12. Defendant denies paragraph 12 of Plaintiff's Original Petition.

13. Defendant is without sufficient information or knowledge to admit or deny paragraph 13 of Plaintiff's Original Petition, and therefore denies it.

14. Defendant hereby incorporates paragraph 1 through 13 of its Answer as if fully stated herein

15. Defendant denies paragraph 15 of Plaintiff's Original Petition.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Original Petition.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Original Petition.

### *Prayer*

Defendant denies Plaintiff's Prayer in its entirety.

### **AFFIRMATIVE DEFENSES**

1. Subject to and without waiving the foregoing, Gallagher Bassett Services, Inc., asserts the following affirmative and other defenses:

   a. No Legal Duty. Plaintiffs' claims are barred in whole or in part because Defendant Gallagher Bassett Services, Inc., owed no legal duty to Plaintiff.

   b. Causation. Each purported cause of action is barred, in whole or in part, because Plaintiff's injuries or damages were not caused by any act, conduct, or omission of Defendant Gallagher Bassett Services, Inc.

   c. Independent Intervening/Superseding Cause. Each purported cause of action asserted against Defendant Gallagher Bassett Services, Inc., is barred, in whole or in part, because Plaintiff's claimed damages, if any, were proximately caused by an independent intervening or superseding

    cause for which Defendant Gallagher Bassett Services, Inc., is not responsible.

  d. Acts/Omissions of Third Parties. Defendant Gallagher Bassett Services, Inc., specifically alleges that each purported cause of action asserted against it is barred, in whole and in part, because Plaintiff's damages, if any, were proximately caused and contributed to, in whole and in part, by the negligence, fault, and acts or omissions of third parties.

  e. Plaintiff is Not Entitled to Pre-Judgment Interest. Defendant Gallagher Bassett Services, Inc., specifically denies Plaintiff is entitled to pre-judgment interest in this matter.

  f. Defendant denies Plaintiff performed any condition precedent to the filing of this lawsuit.

  g. Defendant denies privity of contract with Plaintiff.

  h. Defendant asserts the defense of accord and satisfaction.

  i. Defendant asserts Plaintiff's claim is barred by *laches.*

  j. Plaintiff alleges it leased certain trucks to a third party, Bill Hall, Jr., Trucking, Ltd., and/or Bill Hall, Jr., Trucking, GP, LLC. Plaintiff further alleges that Bill Hall Trucking defaulted on the lease. Defendant is not in privity with Plaintiff or Bill Hall or a Bill Hall entity. Defendant did not default on the lease or damage the trucks in issue. Defendant is not an insurance company.

  k. Defendant did not engage in an undertaking for the benefit of Plaintiff. Had Plaintiff wished to assert a claim for damage to one or more trucks, Plaintiff could have done so within two (2) years from the date of loss. However,

       Plaintiff did not bring such a claim. Plaintiff did not make a claim for insurance proceeds of the alleged tortfeasor.

l. Plaintiff failed to mitigate its damages, if any.

m. If, in fact, the Bill Hall, Jr., Trucking failed to satisfy its lease agreement with Plaintiff, that entity's conduct is the cause of Plaintiff's damages, if any. Defendant is not liable for a third party's conduct which resulted in clamed damages to Plaintiff.

n. The caselaw cited by Plaintiff in its Original Petition is not applicable and pertains to providing of alcohol beverages and the resulting duty of a social host.

o. Plaintiff's claim against Defendant is frivolous, is brought in bad faith, and is unsupported by the law or any argument that would support an extension of existing law. Defendant is entitled to recover its costs and fees for defense of Plaintiff's frivolous claim.

By specifically raising the above defenses, Defendant Gallagher Bassett Services, Inc., does not concede it has the burden with respect to any of the above-enumerated defenses. Defendant Gallagher Bassett Services, Inc., specifically sets forth these defenses to provide Plaintiff with notice.

Defendant demands any issue of disputed fact be submitted to a jury. Defendant demands all proceedings in this matter be recorded by the official court reporter of the Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant GALLAGHER BASSETT SERVICES, INC., prays that judgment be entered whereby Plaintiff takes nothing by reason of its claims, and the Court provide GALLAGHER BASSETT SERVICES, INC., with such other relief to which it is justly entitled, and for which it will ever pray.

Respectfully submitted,

By: /s/ Deanne C. Ayers
Deanne C. Ayers
State Bar No. 01465820
Julie B. Tebbets
State Bar No. 00793419
***AYERS & AYERS***
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
dayers@ayersfirm.com
817-267-9000 telephone
817-318-0663 facsimile

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing document has been this the 8th day of June, on Plaintiff, by and through its attorney of record, via e-service and/or facsimile.

/s/ Deanne C. Ayers
Deanne C. Ayers